UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON I. BAXTER,

                     Plaintiff,

                            v.

BART E. WAGNER,

                     Defendant.
_____

<u>DECISION AND ORDER</u>

19-CV-6077DGL

     *Pro se* plaintiff Jason I. Baxter filed this civil rights action seeking relief under 42 U.S.C. § 1983.  At the time the complaint was filed in 2019, Baxter was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), at the Southport Correctional Facility.  He named a single defendant, Bart E. Wagner, who was a DOCCS captain employed at Southport.

     Defendant has moved to dismiss the complaint for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and based on plaintiff's failure to appear for his deposition, pursuant to Rule 37(d).  For the reasons that follow, the motion is granted and the complaint is dismissed.

## BACKGROUND

     Several times over the course of the litigation, Baxter notified the Court that his mailing address had changed, as he was transferred to various correctional facilities.  *See*, *e.g.*, Dkt. #23, #26, #27.  The most recent such notice, which was dated April 28, 2024 and received by the

Court on May 2, 2024, stated that plaintiff's address had changed from Green Haven Correctional Facility to a street address in Uniondale, New York.  (Dkt. #36.)  The DOCCS Incarcerated Lookup service indicates that Baxter was released from DOCCS custody to the Division of Parole on April 18, 2024.  (Dkt. #41-6.)

Prior to his release, on November 17, 2023 Baxter participated in a telephonic scheduling conference with defense counsel and Magistrate Judge Marian W. Payson.  (Dkt. #33.) Following the conference, the Court issued a Scheduling Order (Dkt. #34), which stated in part that "[t]he defendants may depose the plaintiff pursuant to Fed. R. Civ. P. 30(a) ... ."  *Id.* ¶ 3.  A November 17, 2023 docket entry also indicates that on that date, the Court mailed to plaintiff copies of the Court's Local Rules of Civil Procedure and Handbook for *Pro Se* Litigants, both of which explain the nature of and procedures for conducting depositions.

On May 22, 2024, defendant sent plaintiff a Notice of Deposition, stating that defendant would depose plaintiff at 10:00 a.m. on June 20, 2024 at the New York State Attorney General's regional office in Rochester, New York.  (Dkt. #41-3.)  The notice, which was sent by First Class Mail to the Uniondale address provided by plaintiff, was returned by the Postal Service marked, "Return to Sender – Not Deliverable as Addressed – Unable to Forward."  (Dkt. #41-4.)  A second Notice of Deposition was sent, again to the Uniondale address, on June 4, 2024.  That letter was not returned as the previous one had been, so presumably it was delivered.

Defense counsel states that on June 20, he was at the office designated in the Notice of Deposition, along with a stenographer, prepared to take plaintiff's deposition.  Plaintiff did not appear.  Counsel states that he waited until 10:30 a.m., a half hour past the noticed start time, but plaintiff never showed up.  Counsel also states that plaintiff had not previously communicated

with him, after the second Notice of Deposition was mailed, and had given no indication that he

would be late or unable to appear.  Declaration of John Marsella, Esq. (Dkt. #41-2) ¶¶ 20-23.

Defendant filed his motion to dismiss on June 20, 2024.  On June 24, the Court issued a

Scheduling Order (Dkt. #42) giving plaintiff until July 26, 2024 to respond.  The order, which

was mailed to plaintiff at his address of record in Uniondale, stated in part, "THE CLAIMS

PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF

HE DOES NOT RESPOND TO THIS MOTION ... ."  Plaintiff has not responded to the motion,

however, and it appears that he has not communicated with the Court in any way since his April

28, 2024 change of address notice.


## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides in part that "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

the action or any claim against it."  Rule 37(d)(1)(A) also provides that "[t]he court where the

action is pending may, on motion, order sanctions" against a party who, "after being served with

proper notice, to appear for that person's deposition ... ."  Such sanctions may include

"dismissing the action or proceeding in whole or in part ... ."  Fed. R. Civ. P. 37(b)(2)(A)(v).

Courts look to several factors when considering whether to impose sanctions under Rule

37:  "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the

efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether

the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v.*

*Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (cleaned up).  Courts should also

consider whether the party's noncompliance has prejudiced the other party, and whether further delay would likely result in prejudice to the other party. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir.2004). "[T]hese factors are not exclusive, and they need not each be resolved against" a party to warrant sanctions. *Southern New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Those factors weigh in favor of dismissal here. There is no apparent reason why plaintiff did not appear for his deposition, or why he did not respond to defendant's motion to dismiss, despite the explicit warning in the Court's Scheduling Order that the action might be dismissed if plaintiff failed to respond. Neither defendant's second deposition notice nor the Scheduling Order were returned as undeliverable, so presumably plaintiff received them. His failure to show up for his scheduled deposition therefore appears to have been willful. Alternatively, if plaintiff was unaware of the deposition or the motion to dismiss because he is no longer living at the address in Uniondale, or the address given is otherwise incorrect, then plaintiff is in noncompliance with Local Rule 5.2(d)'s requirement that "a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice."

Plaintiff's failure to appear for his deposition has also caused significant delay in this case. The Court's November 17, 2023 Scheduling Order provided that all discovery in this case was to conclude on June 28, 2024. (Dkt. #34 ¶ 4.) That deadline would have to be extended to allow for plaintiff's deposition, and it is likely that other deadlines (such as the deadlines to identify expert witnesses and to file dispositive motions) would have to be extended as well.

-4-

As the preceding recitation of the facts makes clear, plaintiff has also been put on notice of the consequences of his inaction.  The November 17 Scheduling Order states, "if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate."  (Dkt. #34 ¶ 10) (boldface omitted).  The Pro Se Handbook that was sent to plaintiff states at page 3, "**Meet every deadline.** ... You can lose your case if you miss deadlines."  It also warns, "**Be sure the Court always has your correct address and phone number.**  If your contact information changes, contact the Clerk's Office in writing immediately."[1]

Prejudice to defendant also weighs in favor of dismissal.  Defense counsel had to prepare for the deposition, and made arrangements to have a stenographer present.  That time and effort was essentially wasted due to plaintiff's failure to appear.  Since there is no apparent reason or excuse for plaintiff's non-appearance, prejudice to defendant may also be presumed.  *See Koch v. Frost*, No. 24-CV-2838, 2024 WL 3471313, at 3 (S.D.N.Y. July 19, 2024) ("prejudice to Appellee may be presumed because Appellant's delay is inexcusable") (citing *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F.App'x 354, 358 (2d Cir. 2020)).

Although dismissal is a harsh remedy, I see no basis to impose lesser sanctions.  Given plaintiff's failure even to respond to the motion to dismiss, it appears that he essentially stopped prosecuting the case after his release from DOCCS custody.  Further warning would not likely serve any useful purpose, and under these circumstances, I see no reason to require defendants or the Court to continue to expend any further time or effort in this case.  Defendant's motion is

---

[1] The handbook is available at https://www.nywd.uscourts.gov/pro-se-self-representation.

therefore granted.  *See Proctor v. Poole*, 233 F.R.D. 323, 324 (W.D.N.Y. 2006) (dismissing complaint where plaintiff failed to appear for a scheduled deposition, did not respond to defendants' motion to dismiss, and "made no attempt to inform the Court of his whereabouts or to explain his failures in this regard").

**CONCLUSION**

Defendant's motion to dismiss for lack of prosecution (Dkt. #41) is granted, and the complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        August 1, 2024.

-6-